52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John C. STUBBS, Plaintiff-Appellant,
v.
Reginald WILKINSON, et al., Defendants-Appellees.
 No. 94-3620.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1995.
 
 1
 Before: MERRITT, Chief Judge; SILER, Circuit Judge, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 John Stubbs brings this appeal from a summary judgment for the defendants in this prisoner civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff John Stubbs is an Ohio inmate. He filed this civil rights action seeking monetary damages and other relief for alleged Eighth Amendment deprivations he suffered at the hands of five named corrections officials-defendants, only three of whom were served with process. The district court ultimately granted summary judgment for the defendants (in two successive orders) and this appeal followed. The parties have briefed the issues. Stubbs is proceeding in his own behalf and moves for the appointment of appellate counsel.
 
 
 4
 Stubbs has been a prisoner in the Ohio corrections system for a number of years. He claimed that, during his stay at two different institutions, the Chillicothe Correctional Institution (CCI) and the Southern Ohio Correctional Facility (SOCF), the named defendants interfered with, or ignored, treatment for three specific serious medical conditions. The three defendants served with process are Reginald Wilkinson, the Director of the Ohio Department of Rehabilitation, Mona Parks, the health care administrator at SOCF and Jack Spurlock, a corrections official at CCI. The medical conditions are an eye disease or condition, recurrent symptoms from his childhood bout of rheumatic fever and penile warts.
 
 
 5
 All parties eventually moved for summary judgment and appended evidentiary material to their respective motions. The district court, assuming the existence of serious medical needs, initially granted summary judgment for the defendants on all claims except for one claim involving Parks. Parks submitted a supplemental affidavit and the court granted summary judgment for her on the sole remaining claim. This appeal followed. Stubbs essentially reargues many of his original claims in his pro se brief.
 
 
 6
 The record supports the district court's decision in all respects. A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).
 
 
 7
 Stubbs primarily complained of Eighth Amendment violations concerning the treatment of three separate illnesses or conditions. Prison officials must provide for the legitimate medical needs of the inmates. Any deliberate indifference on their part to the serious medical needs of prisoners constitutes cruel and unusual punishment as proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). This is true whether the indifference is exhibited by prison medical personnel in responding to prisoner requests or by others intentionally interfering with the treatment process. Id. Medical malpractice does not become a constitutional claim, however, merely because a prisoner is involved. The prisoner still must show acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Id. at 106.
 
 
 8
 A prisoner-plaintiff bringing an Eighth Amendment claim must also allege some intent on the part of the prison officials. The plaintiff must thus prove an objective component (a serious medical need) and a subjective component (a sufficiently culpable state of mind). The required culpable state of mind is wantonness, the exact meaning of which is to be determined on the circumstances of each case. Wilson v. Seiter, 501 U.S. 294, 298-302 (1991). In this vein, the Supreme Court has recently defined "deliberate indifference" as acting with criminal recklessness, or a conscious disregard of a substantial risk of serious harm. Farmer v. Brennan, 114 S.Ct. 1970, 1980-81 (1994).
 
 
 9
 The record reflects that Stubbs has documented the existence of physical problems. The record also shows, however, that defendant Wilkinson's liability is premised solely (and inadequately) on his supervisory capacity and that Stubbs was afforded sufficient medical care for his various ailments so as to remove this case from Estelle.
 
 
 10
 Stubbs contends that defendant Parks, as SOCF health care administrator, failed to provide proper treatment for the lingering symptoms of his rheumatic fever or his penile warts. Stubbs also avers that Parks actively interfered with his ophthalmologist's directive to fit Stubbs with specific protective eyewear ("Solarguards"). The evidentiary material of record does not support these claims. Parks's affidavit is accompanied by photocopies of prison medical records. These records document an extensive, if unsatisfactory to Stubbs, history of medical treatment from October 1990 through January 1992. The summary notes visits for inter alia eye problems, leg pain, migraine headaches, cellulitis of the scrotum, vascular headaches, scrotal cyst, and penile warts. This document also contains references to treatment for headaches ("responding to Inderal"), scrotal cyst ("refused surgery") and penile warts ("treated" and "removed"). In addition, Parks's Supplemental Affidavit specifically details at least six occasions on which Stubbs was examined or treated for penile warts. There is an indication that "Solarguard" eyewear was proscribed or recommended once, but it is plain that Stubbs was later cleared for generic "tinted glasses." There is thus every indication that Parks did not exhibit any degree of wantonness with regard to Stubbs, that Stubbs is merely raising a claim sounding in medical malpractice and that Parks was justified in her alleged refusal to supply him with "Solarguards." The appeal lacks merit as to this defendant.
 
 
 11
 The case against defendant Spurlock is equally meritless. Spurlock, CCI laundry supervisor, is alleged to have forced Stubbs to work in the laundry while ill and to have failed to provide Stubbs with needed facial and eye protection during Stubbs's prison employment in the laundry room. Spurlock is also alleged to have falsely issued a misconduct ticket to Stubbs for malingering, although he knew Stubbs was physically incapable of working. The evidentiary material reflects that Stubbs completely neglected to support his claims. Spurlock's affidavit shows that he did permit Stubbs to go on sick call on at least one occasion, that he did provide Stubbs with a nose mask and rubber goggles and that Stubbs's punishment for the misconduct ticket was merely a reprimand and a warning. There is no indication in fact or law that Spurlock violated Stubbs's rights under the Eighth, or any other, Amendment. The appeal lacks merit as to this defendant.
 
 
 12
 Finally, Stubbs contends that defendant Wilkinson is liable for the alleged Eighth Amendment violations solely in his capacity as one exercising supervisory authority over employees at SOCF and CCI. First, it must be emphasized that Stubbs has failed to document any underlying Eighth Amendment violations attributable to Wilkinson or anybody else. In addition, respondeat superior is not an appropriate basis on which to impute Sec. 1983 liability. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978). The appeal as to this defendant lacks merit.
 
 
 13
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation